UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. G-87-28-2 |
| | § | CIVIL ACTION  NO. H-07-862 |
| DAVID DANIEL SALAZAR, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING
## THE GOVERNMENT'S MOTION FOR DISMISSAL

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255 is the United States'

Response and Motion for Dismissal (Document Nos. 119 & 120), and Movant David Daniel Salazar's

§ 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law in support

(Document Nos. 112 & 113).  Having considered Salazar's § 2255 Motion, the United States'

Response and Motion for Dismissal, the record of the proceedings in the underlying criminal case and

on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth

below, that the United States' Motion for Dismissal be GRANTED, that Salazar's Motion to Vacate,

Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with

prejudice.


I.      **Procedural History**

Movant David Daniel Salazar ("Salazar"), who is currently in the custody of the United States

Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Salazar's

first motion pursuant to § 2255.

On November 24, 1987, Salazar was charged by Indictment with one count of conspiracy to

possess with intent to distribute in excess of 100 pound of marijuana, and one count of possession, and aiding and abetting the possession, with intent to distribute in excess of 100 pounds of marijuana. On May 17, 1988, Salazar pled guilty to both counts of the Indictment, without the benefit of a plea agreement.  Salazar, who had been released on bail, failed to appear for sentencing.  A warrant was issued for his arrest, and he remained a fugitive until December 2002, when he was arrested in California.  Upon his return to this District, a revised Presentence Investigation Report was prepared. Salazar was then sentenced, on April 18, 2003, to 132 months confinement on each count, with the terms of imprisonment to be served concurrently, to be followed by a three year term of supervised release, and a $1,000 fine.  (Document No. 97).  A Judgment of Conviction was entered on April 21, 2003.  (Document No. 99).

Salazar appealed to the Fifth Circuit Court of Appeals, which affirmed his conviction on May 5, 2004.  (Document Nos. 105 & 106).  The United States Supreme Court remanded the case to the Fifth Circuit for further consideration in light of the recently decided case of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).  Upon such consideration, the Fifth Circuit again affirmed Salazar's conviction.  (Document No. 109).[1]  The Supreme Court then denied Salazar's subsequent

---

[1] In its decision, the Fifth Circuit wrote:

Salazar argues that he district court erred by enhancing his sentence based upon judge-found facts that were not admitted by him or proven to a jury beyond a reasonable doubt.  He asserts that his issue should be reviewed under he harmless error standard because he raised the substance of this issue both in the district court and this court.

While Salazar challenged the factual findings underpinning the drug quantity determination both in the district court and this court, he did not raise a Sixth Amendment challenge or make an objection based upon Booker, Blakely v. Washington, 542 U.S. 296 (2004), or Apprendi v. New Jersey, 530 U.S. 466 (2000).  His objections were not sufficient to preserve this issue for review.  See United States v. Mares, 402 F.3d 511, 516-17 & n.2, 520 (5th Cir. 2005), cert,

2

petition for writ of certiorari on October 2, 2006, and Salazar's conviction became final.

On or about March 15, 2007, Salazar filed a timely § 2255 Motion to Vacate, Set Aside or Correct Sentence.  The Government has filed a Response and a Motion for Dismissal, to which Salazar has filed a response in opposition (Document No. 121).   This § 2255 proceeding is ripe for ruling.

## II.    Claims

Salazar complains in a Motion to Vacate, Set Aside or Correct Sentence, that his attorney at sentencing, Lourdes Rodriguez, was ineffective for failing to raise a Sixth Amendment challenge to his sentence under *Apprendi*, *Blakely*, and *Booker*.  In addition, Salazar complains that his counsel was ineffective for failing to preserve the Sixth Amendment challenge under *Apprendi*, *Blakely* and *Booker* for review on appeal.  The Government, in its Response and Motion for Dismissal, argues that counsel's performance was not deficient, and that Salazar suffered no prejudice.

---

denied, — U.S. —, 126 S. Ct. 43 (2005).  The earliest that Salazar could have raised this issue was in his petition for certiorari to the Supreme Court.  We will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances.  United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Salazar identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Id. at 677; see also Mares, 402 F.2d at 521-22.  Accordingly, Salazar has not shown that his sentence was plainly erroneous.  See Taylor, 409 F.3d at 677.  Because Salazar has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied."  Id.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Salazar's conviction and sentences.

(Document No. 118).

### III.    Discussion

Claims of ineffective assistance of counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had.  *Id.* at 687.  Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable.  *Id.* at 687-689.  The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct.  *Strickland*, 466 U.S. at 690-691.  The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief.  *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Here, counsel's failure to raise a Sixth Amendment objection at sentencing does not constitute deficient performance under *Strickland*.  Salazar was sentenced on April 18, 2003.  Neither *Blakely* nor *Booker* were decided by the Supreme Court until later.  *See Blakely v. Washington*, 542 U.S. 296 (June 24, 2004); and *United States v. Booker,* 543 U.S. 220 (January 12, 2005).  Counsel cannot be faulted for failing to anticipate the change in the law that was brought about in *Blakely* and *Booker*.  *See Avila v. United States*, 2007 WL 4190797 *2 n.3 (S.D. Tex. 2007) (defense counsel's performance is not deficient under Strickland for failing to predict or anticipate the *Blakely* and *Booker* decisions);  *Homer v. United States*, 2006 WL 2663815 *6 (S.D. Tex. 2006) (defense attorney not deficient for failing to "predict the *Blakely* and *Booker* decisions and raise an argument thereon");  *United States v. Richmond*, 2007 WL 2284543 *2 (E.D. La. 2007) (defense counsel

4

"cannot be deemed ineffective for conforming to the law as it existed at the time of the alleged error, i.e. at the sentencing hearing, and failing to anticipate significant subsequent changes in the law as set forth in *Blakely*, *Booker* and *Fanfan*"); *United States v. Facen*, 2007 WL 2156584 *4 (W.D. La. 2007) ("Defense counsel could not be considered ineffective for failing to anticipate the implications of *Blakely* or foresee *Booker*."); *see also Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("there is no general duty on the part of defense counsel to anticipate changes in the law"); *Lucas v. Johnson*, 132 F.3d 1069, 1078-79 (5th Cir.) ("The determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial.. . . [C]ounsel is not required to anticipate subsequent developments in the law."), *cert. dism'd*, 524 U.S. 965 (1998).

As for counsel's failure to raise an objection based on *Apprendi*, a review of the case law from this Circuit shows that such an objection would have, at that time, been summarily overruled.  In 2003, at the time Salazar was sentenced, the Fifth Circuit had made it clear that *Apprendi* could only be read as foreclosing a sentence that exceeded the maximum sentence provided for by statute.  *See United States v. Pineiro*, 377 F.3d 646, 467 (5th Cir. 2004), *cert. granted and judgment vacated*, 543 U.S. 1101 (January 24, 2005); *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir. 2000), *cert. denied*, 531 U.S. 1100 (2001); *United States v. Doggett*, 230 F.3d 160, 165-166 (5th Cir. 2000), *cert. denied*, 531 U.S. 1177 (2001).  Here, Salazar was charged with and pled guilty to the charges of conspiracy to possess with intent to distribute in excess of 100 pounds of marijuana, and possession with intent to distribute in excess of 100 pounds of marijuana, offenses carrying a maximum sentence of 20 years incarceration under 21 U.S.C. § 841(a)(1), (b)(1)C).  Salazar's sentence of 132 months fell well below the maximum sentence provided for by 21 U.S.C. § 841(b)(1)(C), and therefore Salazar's counsel had no viable basis for objecting to the sentence under *Apprendi*.  Counsel likewise

had no viable basis for preserving an *Apprendi* challenge for review on appeal.  Again, as the law stood in this Circuit at the time of Salazar's sentencing, *Apprendi* afforded Salazar no relief. Counsel's performance, in light of the law as it existed at the time of Salazar's sentencing, was not unreasonable.  Thus, under *Strickland*, no relief is available on Salazar's ineffective assistance of counsel claims.

## IV.    Conclusion and Recommendation

Based on the foregoing, the conclusion that no relief is available to Salazar on the ineffectiveness claims he raises herein, the Magistrate Judge

RECOMMENDS that the Government's Motion for Dismissal (Document No.120) be GRANTED, that Movant David Daniel Salazar's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 112) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed

6

with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this  10Th  day of  December, 2007.


Frances H. Stacy
United States Magistrate Judge